Caeuthees, J.,
delivered the opinion of the Court.-
This bill was filed by two of the creditors of B. H!. Sanders, deceased, to subject to their debts, amounting to about $630, certain- slaves in the hands of defendants, as distributees of the deceased.
The bill states that B. H. Sanders died in Stewart county, and Wm. C. Rutland administered on his estate-in March, 1848, and in September of the same year, suggested the insolvency of the estate, and in May, 1850, made his inventory, and settled with the Clerk of the County Court, showing the amount of the assets for distribution to be only $98.55'. The complainants filed' their claims, which yet remain unpaid, there being no-assets except the small amount above reported. The bill further charges, that there were “ no assets to pay them, until- a recovery was1 had of certain negroes of said B. H. Sanders, by W. E. Sanders, by his next friend, A. Sykes, against Mary Bingham, Thos. H. Sanders, and Nancy Sanders. Your orators show that said negroes, so recovered, were, by order of your honor, sold in order to division among the distributees of B. H. Sanders, to wit, W. E. Sanders, Thos. H. Sanders, and Nancy Sanders, the widow, on the 20th of June last,for the sum of $2,000, to John T. Baily, on a credit until 1st of April, 185-7.” This bill was filed1 the 16th of October, 1857 — the money being still unpaid — praying that an amount sufficient to pay their debts be retained in the *250 bands of the clerk and master, and so applied on final decree.
This bill was dismissed on demurrer, upon the ground that complainants were barred by the statute of limitations of 1715, ch. 48, sec. 9, Car. & Nich., 72. That section is, “ The creditors of any person deceased shall make their claims within seven years after the death of such debtor, otherwise such creditor shall be forever barred.” This section is in force, and protects heirs as well as administrators and executors. 5 Hay., 1, 28, 224; Mar. & Yer., 258, 6 Yer., 224. These decisions Iiave been constantly adhered to, and there are no exceptions or savings in this act.
The time of delay is shown by the bill to be from March, 1848, to October, 1857—at least nine years and six months from the administration. There is no exception in favor of a claim filed under the insolvent acts; and if that could be regarded as such, it could not apply to any case other than assets subsequently acquired by the administrator. But this is shown by the bill to be a case where the heirs, or one of them, recovered these negroes, and it does not appear that they were claimed as assets by the administrator, nor that it was his duty to reduce them to possession as such. But if this did appear, it would not change the case, as these creditors, as well as the administrator, could have sued for them, and had the appropriation made to their claims. The title to slaves, as we have several times held, passes to the distributees, subject only to the payment of debts, and the personal representative can only claim them for that purpose. 1 Sneed, 365. These slaves, then, not being liable for debts, *251 after seven years from the death of intestate, are protected in the hands of the distributees, as well against the creditor as the administrator. Though the debts may be just, they are lost by the delay and negligence of the creditors, and the defendants have an un-incumbered title to them.
The decree will be affirmed.